IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

PETER JEFFERSON, as Guardian ad Litem for Vladimir Jefferson,

    Plaintiff,

v.

COUNTY OF NAPA, et al.,

    Defendants.

No. C 03-5031 SI

**ORDER GRANTING REQUEST TO DEPOSE VLADIMIR JEFFERSON**

By letter briefs, the parties seek resolution of a discovery dispute regarding whether defendant may depose minor Vladimir Jefferson.[1] This case returns to the Court on remand from the Ninth Circuit. In a memorandum decision, the Ninth Circuit reversed this Court's summary judgment in favor of defendant, holding that defendant "has not come forward with any evidence that questioning was pursuant to a valid consent by Vladimir, or to any consent by his parents or the school authorities," or absent consent, of "evidence to show the reasonableness of its actions under the circumstances." Memorandum Decision at 2-3 (citations omitted). Defendant argues that the County must be permitted to depose Vladimir in order to question him about the interview, and as well as issues related to consent and reasonableness.

Plaintiff objects to the deposition as unnecessary because, as a matter of law, Vladimir could not consent to the interview. As support, plaintiff cites cases holding that minors lack the legal capacity to enter into contracts. The Court finds these cases are inapposite, and further that plaintiff's argument ignores the Ninth Circuit's explicit direction that the factual record be developed on remand as to the

---

[1] The letter briefs are found at Docket Nos. 37-40.

issues of consent and the reasonableness of defendant's actions under the circumstances.

Plaintiff also argues that Vladimir's deposition is unnecessary because Vladimir does not intend to testify at trial, and relatedly because defendant can obtain whatever information it needs about the interview from Vladimir's father. These objections are wholly without merit. Regardless of whether Vladimir intends to testify at trial, or whether Vladimir's father may possess relevant information, defendant has the right to discover what Vladimir will say about the interview.

Plaintiff next asserts that Vladimir's testimony will be unreliable because the events in question occurred when he was eight years old. Plaintiff does not provide any authority for the contention that a minor is "presumed unreliable." Federal Rule of Evidence 601 states that "[e]very person is competent to be a witness except as otherwise provided in these rules." In the absence of any genuine question as to Vladimir's competency, the Court will presume him to be competent. *See* 23 Am. Jur. 2d Depositions and Discovery § 89. Plaintiff's assertion that Vladimir's memory will be "skewed and distorted by the passage of time" is speculative, and in any event does not provide a basis for barring a deposition.

Finally, plaintiff argues that a deposition will traumatize Vladimir. While the Court recognizes that a deposition can be a stressful experience, there is nothing inherently traumatizing about being deposed. The Court also notes that Vladimir is now thirteen years old, that Vladimir will be represented by counsel at the deposition, and that Vladimir's father may be present at the deposition. The Court is confident that defendant's counsel will not engage in any harassing behavior. The Court encourages the parties to cooperate to ensure that the deposition proceeds smoothly. If problems arise during the deposition the parties may contact the Court. As plaintiff has raised no specific objection to the location proposed by defendants, the Court GRANTS defendant's request to depose Vladimir at the offices of defendant's counsel in Walnut Creek.

**IT IS SO ORDERED.**

Dated: June 22, 2007

SUSAN ILLSTON
United States District Judge

2