**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

VLADIMIR JEFFERSON,                          No. C 03-5031 SI

         Plaintiff,                             **ORDER RE: PLAINTIFF'S DEPOSITION**

   v.

COUNTY OF NAPA, et al,

         Defendants.
                                    /

       The parties have filed letter briefs regarding plaintiff's repeated failure to appear for his deposition.[1] By order filed June 22, 2007, the Court granted defendants' request to depose plaintiff. Since that date, plaintiff cancelled two noticed depositions at the eleventh hour, and with little to no explanation.[2] Defendants state, and plaintiff does not dispute, that after the first cancellation, plaintiff did not respond to defendants' request to provide a deposition date convenient to plaintiff. After the second cancellation, plaintiff's counsel did not communicate with defendants for two weeks, prompting defendants to seek relief from the Court.

       The Court finds that plaintiff's conduct is sanctionable, and the Court will entertain a motion to recover attorneys' fees and costs incurred as a result of plaintiff's conduct. Plaintiff has provided no explanation for the last minute cancellations, or for counsel's failure to communicate with defendants

---

[1] The letter briefs are found at Docket Nos. 47 and 48.

[2] According to defendants, plaintiff's counsel cancelled the first deposition two days before the deposition due to a "prior commitment," despite the fact that the deposition had been noticed for almost three weeks. Plaintiff's counsel cancelled the second deposition the day before that deposition was scheduled. Plaintiff's counsel provided no explanation for the second cancellation, stating simply that plaintiff's father, Mr. Jefferson, had informed counsel that neither he nor plaintiff could attend the deposition. Plaintiff's letter brief does not dispute defendants' account.

regarding rescheduling the deposition. Instead, plaintiff repeats many of the arguments that the Court previously rejected regarding why Vladimir should not be deposed; for all of the reasons set forth in the June 22, 2007 order, the Court finds these contentions lack merit, and that defendants are entitled to take Vladimir's deposition in light of the Ninth Circuit's remand.

Plaintiff also states that plaintiff's father is "receiving treatment for cancer," and thus unable to attend a deposition of his son. The Court requires further information regarding the nature of Mr. Jefferson's treatment, including the type of treatment, its duration, and when Mr. Jefferson can be expected to be able to attend a deposition. Plaintiff is directed to file a declaration from Mr. Jefferson's treating physician that includes this information **no later than September 11, 2007**. Plaintiff shall also file **no later than September 11, 2007**, a supplemental letter brief regarding whether there are any individuals (such as other relatives) who could attend Vladimir's deposition in lieu of Mr. Jefferson.

Upon receipt of plaintiff's supplemental filings, the Court shall issue a further order regarding scheduling Vladimir's deposition, as well as a revised pretrial schedule. The Court DENIES defendants' request to dismiss this action. However, plaintiff is cautioned that the failure to comply with this order, or any further orders of the Court, will result in sanctions which may include issue preclusion.

**IT IS SO ORDERED.**

Dated: September 4, 2007

SUSAN ILLSTON
United States District Judge

2