IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

VLADIMIR JEFFERSON,

        Plaintiff,

  v.

COUNTY OF NAPA, et al,

        Defendants.
                             /

No. C 03-5031 SI

**ORDER GRANTING DEFENDANTS' MOTION FOR DISCOVERY SANCTIONS**

Defendants' motion for discovery sanctions is scheduled for a hearing on November 9, 2007. Pursuant to Civil Local Rule 7-1(b), the Court determines that the matter is appropriate for resolution without oral argument, and VACATES the hearing.

**DISCUSSION**

Defendants seek $3,056 in fees and expenses related to plaintiff's repeated last-minute cancellations of his deposition. Plaintiff does not challenge the time expended by defense counsel, nor does plaintiff contest the rate ($160) charged. Instead, plaintiff only generally asserts[1] that sanctions are not warranted because Vladimir's deposition could not go forward as scheduled due to his father's illness.

As set forth in the previous orders regarding Vladimir's deposition (Docket Nos. 49 and 58)[2], plaintiff repeatedly cancelled Vladimir's deposition at the last minute and without explanation, and

---

[1] Plaintiff did not file a formal opposition to the motion, but instead argued in a letter brief in response to the Court's September 4, 2007 Order to Show Cause that sanctions were not appropriate.

[2] The Court incorporates these orders by reference.

caused defendants to incur needless expenses. After defendants sought relief from this Court, plaintiff continued to oppose Vladimir's deposition on numerous grounds that this Court had previously rejected. The Court also found plaintiff's response to the September 4, 2007 Order to Show Cause deficient because none of the information provided by plaintiff established that Mr. Jefferson was unable to attend a deposition of his son, and plaintiff's counsel asserted, without any explanation, that there were no other adults who could attend Vladimir's deposition in Mr. Jefferson's stead.

Federal Rule of Civil Procedure 37(d) provides,

> If a party . . . fails to . . . appear before the officer who is to take the deposition, after being served with a proper notice . . . the court shall require the party failing to act or the attorney advising the party or both to pay the reasonable expenses, including attorney's fees, caused by the failure unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(d). "[T]he failure to appear need not be willful," and the court has discretion in deciding whether sanctions should be imposed. *Lew v. Kona Hosp.*, 754 F.2d 1420, 1426 (9th Cir. 1985) (citing Advisory Committee Notes to Rule 37(d)). Here, the Court finds that it is appropriate to award sanctions because plaintiff has not demonstrated that the repeated last minute cancellations were "substantially justified." Defendants should be compensated for the unnecessary expenses that they incurred as a result of plaintiff's conduct. The Court further finds that defendants' expenses are reasonable and sufficiently documented.

Accordingly, the Court GRANTS defendants' motion for sanctions. (Docket No. 53). Plaintiff shall pay defendants $3,056 **no later than December 15, 2007**, unless the parties agree on a later deadline for payment.

**IT IS SO ORDERED.**

Dated: November 5, 2007

SUSAN ILLSTON
United States District Judge

2